UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNETTE CORBETT,<br><br>               Petitioner,<br><br>    v.<br><br>ISRAEL JACQUEZ,<br><br>               Respondent. | CASE NO. C19-531 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Petitioner's Objections (Dkt. No. 9) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 8.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendations and DENIES Ms. Corbett's 28 U.S.C. § 2241 Petition.

**Background**

Petitioner Lynette Corbett challenges the Bureau of Prisons' failure to calculate her good-time credit under Section 102(b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391,

132 Stat. 5194, 5222 (2018). That provision amends 18 U.S.C. § 3624 (b)(1) to change the manner of calculating good-time credit and allow for an increase in the maximum good-time credit from 47 to 54 days per year. This change would potentially grant Petitioner an additional 14 days of good-time credit and an approximate release date of July 7, 2019 as opposed to July 21, 2019. (Dkt. No. 1 at 3.)

On June 7, 2019, Magistrate Judge Tsuchida issued a Report and Recommendation, finding that Section 102(b) of the First Step Act is unambiguous and "plainly states that the amendments contained in Section 102(b) (which includes the good time fix amendment), do not take effect until the Attorney General releases the risk and needs assessment system, which is due on July 19, 2019." (Dkt. No. 8 at 15-16.) Based on the plain language of the First Step Act, Judge Tsuchida recommended denying Ms. Corbett's habeas petition seeking recalculation of her good time credits. (Id. at 20.)

Petitioner objects that the Report and Recommendation failed to consider: (1) legislative history that shows the delayed implementation was meant to apply only to the earned-credit provision, not the good-time-fix provision; (2) the "irrationality" of delaying a "fix" meant to correct the way in which the Bureau of Prisons has calculated good time to conform with Congressional intent, and; (3) that Petitioner is entitled to relief even if the Court finds the good-time-fix provision has yet to take effect because the legislative history now makes clear that Congress always intended that prisoners could earn up to 54 days of good-time credit per year. (Dkt. No. 9 at 1-2.)

//

//

**Discussion**

I.  **Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

II. **Petitioner's Objections**

Petitioner argues the legislative history demonstrates that the delayed implementation is not meant to apply to good-time credits. (Dkt. No. 9 at 2.) Petitioner bases her argument on the Senate Judiciary Committee summary of the First Step Act, which states that Section 102 "[c]larifies that the amendments in this section related to prerelease custody shall take effect on the date that the Attorney General completes and releases the new risk and need assessment system." Staff of S. Comm. On the Judiciary, 115th Cong., S.3649, The First Step Act Section-by-Section Summary, at 3 (Nov. 15, 2018) (emphasis added); (Dkt. No. 9 at 1-2.) Petitioner contends prerelease custody is a key component of the earned-credit system but is not directly related to the good-time fix provision. (Dkt. No. 9 at 2.)

To uphold Petitioner's position, the Court would be disregarding the plain language of Subsection 102(b)(2), which provides that the amendments made in that subsection take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. As other courts in this district have recognized, Section 102(b)(2) covers implementation of the good-time-fix provision because the language applies to the implementation of all of Section 102(b). Wright v. United States, No. C19-5254-RBL-TLF, 2019 WL 2746630, at *6 (W.D. Wash. June 5, 2019), report and recommendation adopted sub

nom. Wright v. United States, No. C19-5254RBL, 2019 WL 2743636 (W.D. Wash. July 1, 2019); Johnston v. Jacquez, No. 219CV00550JLRBAT, 2019 WL 2719722, at *10 (W.D. Wash. June 4, 2019), report and recommendation adopted sub nom. Johnston v. Jacquez, No. 219CV00550JLRBAT, 2019 WL 2716176 (W.D. Wash. June 28, 2019). The Court agrees; Petitioner's legislative history arguments cannot overcome the clear, unambiguous language of the statute.

Petitioner also argues it is irrational to delay fixing an error in the way the Bureau of Prisons currently calculates good time, especially when the Bureau can fix the error with a simple calculation. (Dkt. No. 9 at 2.) This argument was well addressed by Magistrate Judge Tsuchida in the Report and Recommendation:

> As other petitioners before her have argued, Ms. Corbett contends it makes little sense to delay implementation of the good time fix amendment because the BOP could begin calculating good time credit pursuant to the amendment immediately. While this may be technically correct, the Court must assume that Congress said what it meant and meant what it said.

(Dkt. No. 8 at 17.)

Petitioner's related argument, that she is entitled to relief because the legislative history of the First Step Act demonstrates that Congress always intended that prisoners could earn 54 days of good time credit per year, is similarly unavailing. The current method of calculating good-time credits comes from the Sentencing Reform Act of 1984, so the Court's evaluation of alleged errors in that Act cannot rest on an evaluation of the legislative history of the First Step Act. See O'Gilvie v. United States, 519 U.S. 79, 90 (1996)) ("[T]he view of a later Congress cannot control the interpretation of an earlier enacted statute."); United States v. X-Citement Video, Inc., 513 U.S. 64, 77 (1994) ("[T]he views of one Congress as to the meaning of an Act passed by an earlier Congress are not ordinarily of great weight, and the views of the committee

of one House of another Congress are of even less weight."); Costa v. Parr, No. 119CV00318LJOJDPHC, 2019 WL 2490657, at *7 (E.D. Cal. June 14, 2019) ("[T]he views expressed by the legislators after the enactment of a statute, without more, do not warrant controlling weight as "evidence of Congressional intent in passing prior legislation."") (addressing the argument currently before the Court). And because the Supreme Court found the Bureau's current calculation of good time credits under the Sentencing Reform Act lawful, Barber v. Thomas, 560 U.S. 474, 480 (2010), the Court declines to find that any error in the Sentencing Reform Act requires an immediate "fix."

## Conclusion

Accordingly, the Court ORDERS as follows:

(1) The Report and Recommendation is ADOPTED, and;

(2) The 28 U.S.C. § 2241 petition (Dkt. No. 1) is DENIED.

The clerk is ordered to provide copies of this order to Judge Tsuchida and all counsel.

Dated July 11, 2019.

Marsha J. Pechman
United States District Judge